Ramón Delgado-López et al., Appellants, *v.* Registrar of Property of Caguas, Respondent.

No. 688.   Submitted November 7, 1927.—Decided December 21, 1927.

*Andrés Mena* for the appellant. The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

The District Court of Humacao gave the appellants a certificate of title in a dominion proceeding and it was shown in the order that the appellants acquired the property by inheritance from their mother. The Registrar of Caguas refused to record on the ground that no showing had been made that a succession tax had been paid on the property, as required by law.

The appellants say that it is a case of *de minimus non curat lex,* inasmuch as the property was only worth seventy dollars and hence the tax would be small. In the matter of taxes we can see no ground for the application of the maxim. Generally it is applied qualitatively, as when the rights are not important, and more rarely quantitatively.

Section 376 of the Political Code provides as follows:

"All taxes imposed under Chapter III of this Title shall be paid into the Treasury of Porto Rico by the administrators, executors, trustees or other persons administering upon the estate charged with said taxes; and all such administrators, executors, trustees or persons shall be liable for such taxes, with interest as hereinafter provided, until the same shall have been paid. Such taxes shall become due and payable immediately upon the death of the decedent, and shall at once become a lien upon the estate of the decedent and shall remain a lien until paid. If said taxes are not paid within ten days from the presentation of the tax bill, the Treasurer shall require of said executor, administrator, or trustee, bond in twice the amount of said taxes due and unpaid conditioned upon the full and complete payment of said taxes in the manner and within the terms herein provided, and the Treasurer is authorized to attach the property of said decedent subject to the tax until such bond shall have been given. If said taxes are not paid within one year of the death of said decedent, interest at the rate of ten per centum shall be charged and collected thereon, and if said taxes are not paid at the expiration of eighteen months after the death of said decedent, it shall be the duty of the district attorney of the district wherein said taxes remain unpaid to institute the necessary proceedings to collect the same, after being duly notified by the Treasurer of the non-payment of such taxes."

Hereunder the appellants say that all rights against them have prescribed. They concede that section 376 establishes a lien, but they maintain that the said lien is personal rather than real. Generally when the law speaks of liens it has real estate in mind, especially as it is difficult to impose a lien on movable property. The lien is applied universally. A lien is created without necessity for action and hence there is no possibility of prescription.

The appellants also say that there exists a presumption of regularity in obtaining a certificate of a dominion title from a court. There are certain issues of fact decided by a court in considering an application for a dominion title that would be binding on a registrar of property. The payment of taxes is not one of them. By virtue of section 18 of

the Mortgage Law the registrar is bound to verify whether the requirements of law have been fulfilled. Under section 12 of Act No. 99 of the year 1925 the registrar is forbidden to record any instrument involving inherited property unless the inheritance tax is paid.

The note of the registrar should be affirmed.